H. Scott Beims, Counsel Rawlins County Health Center 509 Main, P.O. Box 449 Atwood, Kansas 67330-0449
Dear Mr. Beims:
As legal counsel for the Rawlins County Health Center, you request our opinion regarding the effect on membership of the Board of Directors for the Rawlins County Health Center when member positions that should have been subject to election in November of 2000 were not included on the ballots cast by electors of Rawlins County.
Based on the information provided, it appears the Rawlins County Health Center was established and has been operating pursuant to K.S.A. 19-4601et seq. Following amendments to the applicable statutes in 1998, the Board of County Commissioners for Rawlins County adopted a resolution changing the membership and election of the members of the Board of Directors for the Rawlins County Health Center.[1] Pursuant to the resolution, membership on the Board of Directors was expanded to nine elected members who would serve staggered terms of four years.[2]
Members would be subject to election in November of even numbered years, with terms beginning in the following January.[3] Six member positions were subject to election in November, 2000.[4] The Rawlins County Election Officer, however, was not aware that the member positions were subject to election in November, 2000. Election notices regarding the member positions were not provided, no persons attempted to file as candidates for the member positions and the member positions were not included on the ballots used in the general election. The error was not discovered until early January, 2001.
In reference to a large number of offices, state statutes provide that the officeholder continues to hold such office until a successor is appointed or elected and qualified.[5] Such a provision applicable to a hospital board established pursuant to K.S.A. 19-4601 et seq. has not been enacted. However, "[t]he prevailing rule in the United States is that in the absence of constitutional or statutory provision to the contrary, express or implied, an officer is entitled to hold until his successor is chosen and has qualified."[6] "[T]he public interest requires that public offices should be filled at all times without interruption. Pursuant to this policy, an elected or appointed officer may remain in office after the expiration of his term until a successor qualifies, whether or not this is provided for by the statute creating the office."[7] Therefore, if a person was serving in one of the member positions that was subject to election in November of 2000, the person will continue to serve in that member position until a successor is appointed or elected and qualified.
Under the presented scenario, it appears many, if not all, of the member positions that were subject to election in November of 2000 are new member positions resulting from the expanded membership authorized pursuant to Rawlins County Resolution No. 99-14. Under such circumstances, there are no officeholders to hold over until successors are appointed or elected. Therefore, vacancies in the offices exist. We review whether there is a procedure for appointing or electing persons to fill the resulting vacancies.
A valid election cannot be called and held except by authority of the law, whether that authority is conferred by constitution or by some statute enacted pursuant thereto.[8] An election held without affirmative constitutional or statutory authority, or contrary to a material provision of the law, is a nullity, notwithstanding the fact that such election was fairly and honestly conducted.[9] "It is a well established rule that time and place are of the substance of an election."[10] The county commission possesses the authority to establish by resolution the procedure for holding the election of members of the board of directors of a county hospital.[11] The Rawlins County Commission has provided that the elections of members of the Board of Directors for the Rawlins County Health Center "shall be held on the Tuesday succeeding the first Monday in November of each even-numbered year, prior to the year in which the term of a given board member expires, to be held in conjunction with the regular election held in the County."[12] Neither state statute nor county resolution provides for a special election at which a member of the Board of Directors is to be elected. Therefore, there is no authority for conducting such an election. Absent such authority, persons may not be elected to fill vacancies in positions on the Board of Directors for the Rawlins County Health Center that exist because of the failure to subject such positions to election in November of 2000 as was required by Rawlins County Resolution No. 99-14.[13]
While there is no authority to conduct a special election to fill vacancies on a hospital board of directors, state statute does provide for the appointment of persons to fill any vacancies occurring in the membership of the board. "Vacancies in the membership of the [hospital] board shall be filled by appointment by the [county] commission. Any member appointed to fill a vacancy shall hold office until expiration of the term of the vacated office."[14] In at least one instance, it has been determined that a board may not exercise its appointment authority when any resulting vacancies are due to the board's failure to abide by its statutory duty and certify to the county election officer any offices to be voted upon during the next election.[15] In that instance, however, the failure to certify the offices that were subject to election was discovered after the deadline for candidates to file for election, but prior to the date of the election. A mechanism by which persons could be elected to the offices at the regularly scheduled general election was still available. In this instance, there is no such mechanism. "[I]t is in the public interest for an elected office to be filled. . . ."[16]
Rather than leave the member positions on the Board of Directors vacant, the Rawlins County Commission is authorized to appoint persons to serve in the member positions that should have been filled through election in November of 2000. The appointed persons will serve until the expiration of the terms of the vacated offices.
In review, a person who was serving in one of the member positions on the Board of Directors of the Rawlins County Health Center subject to election in November of 2000 will continue to serve in that member position until a successor is appointed or elected and qualified. If there was no person to hold over the member position, a vacancy occurs. There is no authority for holding a special election to elect persons to fill vacancies in positions on the Board of Directors for the Rawlins County Health Center that exist because of the failure to subject such positions to election in November, 2000. Rather than leave the member positions on the Board of Directors vacant, the Rawlins County Commission is authorized to appoint persons to serve in the member positions that should have been filled through election in November of 2000.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] Rawlins County Resolution No. 99-14.
[2] Rawlins County Resolution No. 99-14, § IA.
[3] Rawlins County Resolution No. 99-14, § IB.
[4] Id.
[5] See, i.e., Kan. Const., Art. 1, § 1 (executive officers); K.S.A. 2000 Supp. 12-1926 (recreation commission); K.S.A. 19-202 (county commission); 20-327 (judges of district courts); 25-1602 (township officers); 25-2023 (school board); 71-1412 (community college board of trustees).
[6] Murray v. Payne, 137 Kan. 685, 690 (1933); Attorney General Opinion No. 88-155.
[7] Attorney General Opinion No. 88-155, citing 3 McQuillin, MunicipalCorporations § 12.105 (1988).
[8] Attorney General Opinion No. 96-67, citing 26 Am.Jur.2d Elections
§ 278 (1996). See also Blevins v. Board of Douglas County Comm'rs,251 Kan. 374, 382 (1992).
[9] Id.
[10] Attorney General Opinion No. 92-136, citing Wycoff v. Board ofCounty Comm'rs, 191 Kan. 658, 665 (1963); Gossard v. Vaught,10 Kan. 162, 167 (1872); 26 Am.Jur.2d § 226 (1966).
[11] K.S.A. 2000 Supp. 19-4605.
[12] Rawlins County Resolution No. 99-14(1)(B).
[13] See Attorney General Opinions No. 87-33; 83-92.
[14] K.S.A. 2000 Supp. 19-4605(h).
[15] Attorney General Opinion No. 87-33.
[16] Rogers v. Shanahan, 221 Kan. 221, 227 (1976). See also Attorney General Opinion No. 91-86 (public policy requires that vacancies in public office be filled as soon as is reasonable and practicable to avoid leaving the office unoccupied for any extended period).